# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DELMOUS VANCE, III,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v.  ] | 2:23-cv-1027-ACA |
| ] | |
| **LIBERTY MUTUAL INSURANCE** ] | |
| **COMPANY, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

According to Plaintiff Delmous Vance, III's complaint, his "house" suffered water damage, so he made a claim against his "homeowners insurance policy," which Defendant Liberty Mutual Insurance Company had issued to him and for which Defendant Ohio Security Insurance Company was doing the claim handling. When Defendants failed to pay the claim, Mr. Vance brought suit for breach of contract and bad faith against both defendants in the Circuit Court of Jefferson County. (Doc. 1-1 at 4). Defendants removed to this court and now move to dismiss on the grounds that Mr. Vance is not a party to the insurance policy, Liberty Mutual is not a party to the insurance policy, and Mr. Vance has not stated a claim of bad faith. The court **GRANTS** the motion and **DISMISSES** this action **WITHOUT**

**PREJUDICE** to Mr. Vance filing a motion to amend, attaching his proposed amended complaint, **on or before December 12, 2023**.

## I. BACKGROUND

In considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The court may also consider evidence attached to a defendant's motion to dismiss if the complaint incorporated the evidence by reference, the evidence is of undisputed authenticity, and the evidence is central to the plaintiff's claims. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

Mr. Vance alleges that he owns a "house" located at 1513 5th Avenue North in Birmingham, Alabama, for which Liberty Mutual had issued a "homeowners' insurance policy number BZS (21) 59 10 68 20." (Doc. 1-1 ¶¶ 2, 6–7). In July 2021, the house suffered water damage, so Mr. Vance submitted a claim to Liberty Mutual. (*Id.* ¶¶ 7–8). Ohio Security handled the claim. (*Id.* ¶ 4). In August 2021, Liberty Mutual partially denied the claim. (*Id.* ¶ 8). In May 2023, Mr. Vance requested an additional inspection because the delays in processing his claim and repairing the premises had caused "worsening of the premises condition." (Doc. 1-1 ¶ 9).

2

Mr. Vance does not expressly allege what either defendant did in response to the May 2023 request. (*See generally id.* ¶¶ 6–9).

Liberty Mutual and Ohio Security have submitted a copy of the insurance policy numbered "BZS 59106820." (Doc. 11-1 at 2, 37; *see also* doc. 12-1). The policy is not a homeowner's insurance policy, but a commercial protector policy. (*See generally* doc. 11-1). The policy has a logo for "Liberty Mutual Insurance" stamped on the upper left hand corner, but also states: "Coverage Is Provided In: Ohio Security Insurance Company." (*Id.* at 37). The named insured is "Citizen's Express Pharmacy Inc," a corporation located at 1513 5th Avenue N. (*Id.*).

The court must accept the policy because Mr. Vance's complaint expressly refers to it (*see* doc. 1-1 ¶¶ 6, 14), the policy is central to Mr. Vance's claims, and Mr. Vance does not dispute its authenticity (*cf.* doc. 16 at 3–4). As a result, the court cannot accept Mr. Vance's allegation that he held a homeowners insurance policy issued by Liberty Mutual.

## II. DISCUSSION

Mr. Vance asserts claims of breach of contract and bad faith against Defendants. (Doc. 1-1 at 6–9). Because the court's jurisdiction over this action arises in diversity, the court must apply state substantive law. *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014). The parties here agree, without

discussion, that Alabama law applies. (*See* doc. 11 at 5, 8; doc. 12 at 4–6; doc. 16 at 4–5). The court will therefore apply Alabama law.

Under Alabama law, claims of breach of contract and bad faith require the plaintiff to establish the existence of a contract between the parties. *See Ragland v. State Farm Mut. Auto. Ins. Co.*, 238 So. 3d 641, 645 (Ala. 2017) ("In order to prevail on a bad-faith claim against an insurance company, a plaintiff must prove, among other things, the existence of an insurance contract between the parties and a breach thereof by the defendant.") (quotation marks omitted); *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (holding that the elements of a breach of contract claim are "(1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages").

Defendants move to dismiss the complaint on the grounds that (1) Mr. Vance is not a party to the insurance policy; (2) Liberty Mutual is not a party to the insurance policy; and (3) Mr. Vance's claim of bad faith is entirely conclusory. (Docs. 11, 12). The court will address each contention in turn.

1. <u>The Insured</u>

First, Defendants contend that Mr. Vance is not a party to the insurance policy because the named insured is "Citizen's Express Pharmacy Inc." (Doc. 11 at 4–6; doc. 12 at 4–6; *see* doc. 11-1 at 37). Mr. Vance does not argue that he is a party to the contract or even an insured under the contract; instead, he contends that this

4

lawsuit is a derivative action brought on behalf of Citizen's. (*See* doc. 16 at 3). The complaint, however, does not mention Citizen's, much less Mr. Vance's connection to Citizen's. (*See generally* doc. 1-1 at 5–9). In any event, Mr. Vance concedes that he has not complied with the requirements set out in Federal Rule of Civil Procedure 23.1 for derivative actions. (Doc. 16 at 3); *see* Fed. R. Civ. P. 23.1(b) (setting out the pleading requirements for a derivative action). Given this concession, even if the lawsuit were a proper derivative action, it would fail.

This would be sufficient to dismiss this complaint, but Mr. Vance has informally requested leave to amend. (*See* doc. 16 at 1, 6). A party does not properly seek leave to amend a pleading by making an informal request within a brief in opposition to a motion. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quotation marks omitted). Plaintiffs should seek leave to amend in a motion, "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment." *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018). The court cannot rule on a motion that has not been made, nor can it evaluate the propriety of amendment without submission of the substance of the proposed amendment. However, because Mr. Vance has indicated that he wishes to amend,

the court will permit him to file a proper motion to amend. As a result, the court will also address Defendants' other arguments.

2. The Insurer

Liberty Mutual contends that it is not the proper defendant because it did not issue the insurance policy; the policy identifies that "Coverage Is Provided In: Ohio Security Insurance Company." (Doc. 11 at 6–8). The court does not find this argument persuasive at this stage. The insurance policy repeatedly references "Liberty Mutual Insurance," instructs the insured to call Liberty Mutual customer service to report a claim, describes how Liberty Mutual may use an insured's information, and repeatedly invokes Liberty Mutual's copyright. (*See, e.g.*, doc. 11-1 at 3, 6, 30, 117–64). The cases Liberty Mutual relies on are non-precedential district court opinions applying Maryland law, one of which acknowledges that other courts have rejected Liberty Mutual's argument about its status as a party to the contract. *See Deale Aquaculture Farm, Inc. v. Liberty Mut. Mid-Atl. Ins. Co.*, No. 22-cv-1181, 2022 WL 3545563, at *3 (D. Md. Aug. 18, 2022) (citing *Harris v. Durham Enters., Inc.*, No. 20-cv-0072, 2020 WL 3206047, at *3 (S.D. Ill. June 15, 2020)). On this record, the court cannot hold as a matter of law that Liberty Mutual is not a party to the insurance contract. The court emphasizes that this does not mean Liberty Mutual is a party to the contract, but instead that the court lacks the information necessary to determine that issue.

3. <u>Bad Faith</u>

One of Mr. Vance's claims is for the bad faith denial of the claim or delay in payment. (Doc. 1-1 at 7–9). Defendants move to dismiss this claim on the ground that Mr. Vance has not pleaded any facts in support. (Doc. 11 at 9–13; doc. 12 at 7–11).

Mr. Vance filed this lawsuit in state court. (*See* doc. 1-1 at 4–11). However, when Defendants removed the case to federal court, the federal pleading standard became applicable. *See* Fed. R. Civ. P. 81(c)(1); *see also* Fed. R. Civ. P. 8(a). The federal pleading standard requires that the plaintiff "plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up).

Under Alabama law, a plaintiff asserting a claim of bad faith in the context of a failure to pay or failure to investigate an insurance claim must establish (1) the existence of an insurance contract; (2) the insurer's breach of the contract; (3) an intentional refusal to pay the claim; and (3) the absence of a "debatable reason" for

the refusal to pay. *State Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2013); *Ex parte Alfa Mut. Ins. Co.*, 799 So. 2d 957, 962 (Ala. 2001). The plaintiff must also establish either (1) the insurer's actual knowledge of the absence of a debatable reason for the refusal, *Ex parte Alfa Mut. Ins. Co.*, 799 So. 2d at 962, or (2) any of the following: (a) intentional or reckless failure to investigate the claim, (b) intentional or reckless failure to evaluate or review the claim, (c) creation of a debatable reason to deny the claim, or (d) reliance on an ambiguous part of the policy as a lawful basis to deny the claim, *Nat'l Ins. Ass'n v. Sockwell*, 829 So. 2d 111, 129–30 (Ala. 2002).

Mr. Vance has not alleged facts supporting each of these elements. The only specific, non-conclusory allegations are that his property suffered damage, he made a claim, the insurer paid the claim in part, and then two years later he asked for an additional inspection of his property due to its worsening condition. (Doc. 1-1 ¶¶ 7–9). The court cannot reasonably infer based on those facts that the insurer lacked a "debatable reason" for the refusal to pay or that the insurer had any of the levels of intent required to establish bad faith. *See Ex parte Alfa Mut. Ins. Co.*, 799 So. 2d at 962; *Brechbill*, 144 So. 3d at 258; *Sockwell*, 829 So. 2d at 129–30.

## III. CONCLUSION

The court **GRANTS** the motion and **DISMISSES** this action **WITHOUT PREJUDICE** to Mr. Vance filing a motion to amend, attaching his proposed amended complaint, **on or before December 12, 2023**.

**DONE** and **ORDERED** this November 27, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE